IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO. 7:11-CV-00022-F

OWEN HARTY, individually,

    Plaintiff,

v.

BIGGS PARK, INC., a North Carolina Corporation,

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S CONSENT MOTION FOR SIXTY (60) DAY STAY OF PRETRIAL PROCEDURE AND DISCOVERY REQUIREMENTS**

    Defendant BIGGS PARK, INC. ("Biggs Park"), by and through its undersigned counsel and with the consent of the Plaintiff OWEN HARTY ("Plaintiff"), submits this memorandum in support of its motion for a <u>sixty</u> (60) day stay of this action. In that motion, Biggs Park respectfully requests that the Court exercise its discretion to stay: (i) the deadline for Biggs Park to file its answer, defenses or any motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, (ii) the Parties' disclosure and discovery obligations pursuant to the pretrial procedure and discovery requirements of the local rules, Federal Rule of Civil Procedure 26, and under any pretrial scheduling order of this Court; and (c) any other deadline in this case.

**<u>NATURE OF CASE</u>**

    Biggs Park owns a shopping center in Lumberton, North Carolina known as Biggs Park Mall ("the Property"). *See* Complaint [DE-1]. On or about January 26, 2011, Plaintiff served Biggs Park with his Complaint seeking relief pursuant to Title III of the Americans with

PPAB 1779694v1
Case 7:11-cv-00022-F   Document 13   Filed 02/18/11   Page 1 of 5

Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter, the "ADA"). *Id.* Plaintiff alleges, based upon a preliminary inspection of the Property, that there exist certain barriers that purportedly prevent certain individuals with disabilities from enjoying full access to the Property. *Id.* Plaintiff does not seek monetary damages against Biggs Park in this action. Rather, to the extent certain barriers exist at the Property in violation of the ADA, Plaintiff seeks an order requiring Biggs Park to, among other things, make alterations to the Property that are readily achievable to remove and/or alleviate such barriers. *Id.* Plaintiff also seeks an award of attorney's fees, legal expenses, and legal costs related to this action. *Id.*

## BACKGROUND & ARGUMENT

Following receipt of the Complaint, counsel for Biggs Park contacted Christopher Lane, counsel for Plaintiff, and proposed that the parties inspect the Property with their respective experts to determine: (i) what barriers to access in violation of the ADA, if any, exist at the Property, and (ii) whether the parties can reach an agreement as to the removal or remediation of any such barriers, without further intervention by the Court in this action. Counsel for Plaintiff agreed and the inspections of the Property are expected to occur, and be completed, over the next few weeks.

The requested sixty (60) day stay in this matter will enable the parties to focus on resolution of this matter and avoid preparation of responses to pleadings and discovery, all of which may be unnecessary.

A sixty day stay will provide the parties with an opportunity to have the Property inspected by their experts and to evaluate whether an agreement can be reached about the remediation of any alleged access barriers uncovered by the inspection. Should a resolution not be feasible, necessary pleadings, discovery, and pretrial disclosures can be timely exchanged or

performed after the requested stay and without prejudice to either party.

It has long been held that courts have broad inherent power to stay proceedings to promote economy and efficiency for itself and the litigants:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936). The brief stay requested by Biggs Park, and consented to by Plaintiff, will enable the parties to inspect the Property and to determine whether the parties can reach an agreement as to the removal or remediation of any such barriers, without further need of litigation in this action.

## **CONCLUSION**

Biggs Park has filed its motion in good faith, to spare the parties and the Court any unnecessary activity concerning this case, and not for purposes of unnecessary delay. Biggs Park respectfully requests that this Court enter an Order staying all pretrial procedure and discovery requirements for at least 60 days beginning as of February 17, 2011, and ending on April 18, 2011.

Respectfully submitted this 18th day of February, 2011.

/s/ Scott E. Bayzle
Catharine B. Arrowood
N.C. Bar No. 6984
cbarrowood@parkerpoe.com
Scott E. Bayzle
scottbayzle@parkerpoe.com
N.C. State Bar No. 33811
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street Mall, Suite 1400
P.O. Box 389
Raleigh, North Carolina 27602
Telephone: (919) 828-0564
Fax: (919) 834-4564
*Attorneys for Biggs Park*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a Notice of Electronic Filing to the following:

> Christopher D. Lane
> Law Office of Christopher D. Lane
> 3333 Brookview Hills Blvd., Suite 206
> Winston-Salem, North Carolina  27103
> cdllaw@juno.com

This the 18th day of February, 2011.

/s/ Scott E. Bayzle
Scott E. Bayzle
scottbayzle@parkerpoe.com
N.C. State Bar No. 33811
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street Mall, Suite 1400
P.O. Box 389
Raleigh, North Carolina  27602
Telephone:  (919) 828-0564
Fax:  (919) 834-4564
*Attorney for Biggs Park*