UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-22-F

| | | |
|---|---|---|
| OWEN HARTY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BIGGS PARK, INC, | ) | |
| Defendant. | ) | |

This matter is before the court on Biggs Park's motion to dismiss for lack of subject matter jurisdiction [DE-18]. For the reasons that follow, the motion is ALLOWED and this case is DISMISSED.

## FACTUAL BACKGROUND

Plaintiff Owen Harty is a frequent Americans with Disabilities Act litigant in this court.[1] Harty is confined to a wheelchair and he is as an individual with a qualifying disability within the meaning of the ADA, 42 U.S.C. § 12181 *et seq*. At the time he initiated this lawsuit, Harty lived in Broward County, Florida, some 700 miles away from the Biggs Park Mall, which is located near Lumberton, North Carolina. Harty visited Biggs Park Mall during a visit to Lumberton and discovered a number of alleged ADA violations at the property. This lawsuit followed.

## DISCUSSION

Biggs Park moves to dismiss Harty's claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12 states that "[i]f the court determines at any time that it lacks subject

---

[1] *See Harty v. Commercial Net Lease LP, Ltd.*, No. 5:09-CV-495-D, 2011 WL 807522, at *2 n.1 (E.D.N.C. Mar. 1, 2011) (listing twenty-seven ADA cases in this district alone in which Harty is a plaintiff).

matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court may consider matters outside the pleadings on a Rule 12(b)(1) motion when the factual predicate for jurisdiction is in dispute. *See Federicksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768-69 (4th Cir. 1991). The plaintiff bears the burden of proving the court has subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). The motion to dismiss should be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Fredericksburg & Potomac*, 945 F.2d at 768-69.

Biggs Park argues Harty lacks standing to bring this lawsuit under Article III of the United States Constitution, thus depriving the court of subject matter jurisdiction. Article III standing doctrine tests whether a plaintiff has "'such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Planned Parenthood of S.C. v. Rose*, 361 F.3d 786, 789 (4th Cir. 2004)). The plaintiff has the burden of demonstrating three elements to satisfy standing: (1) an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011). With respect to the injury in fact element, a plaintiff seeking injunctive relief must also demonstrate a "real and immediate threat" of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The threat of injury must be "non-speculative" and more than a nebulous threat of harm "some day" in the future. *See Lujan*, 504 U.S. at 564.

The requirement of demonstrating a real and immediate threat of future harm applies to plaintiffs suing under the ADA because the sole remedy available to private litigants under the statute is injunctive relief. *See* 42 U.S.C. § 12188(a); *Gregory v. OTAC, Inc.*, 247 F. Supp 2d 764, 770 (D. Md. 2003); *Norkumas v. Park Rd. Shopping Ctr.*, No. 3:10-CV-210-FDW-DSC, 2011 WL 10565287, at *3 (W.D.N.C. April 15, 2011). At a minimum, a plaintiff must demonstrate an intention to return to the defendant's property to establish future harm in an ADA case. *Lujan*, 504 U.S. at 564; *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008); *Daniels v. Arcade, L.P.*, 477 F. App'x 125, 129-30 (4th Cir. 2012). The district courts in this circuit and elsewhere have relied on the following four factors to determine whether an ADA plaintiff has sufficiently demonstrated an intention to return to the property: (1) the proximity of the plaintiff's residence to the alleged offending establishment; (2) the plaintiff's past patronage of the establishment; (3) the definitiveness of the plaintiff's plan to return to the establishment; and (4) whether the plaintiff frequently travels nearby.[2] *Norkunas v. Park Rd. Shopping Ctr., Inc.*, 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011); *Harty v. Luihn Four, Inc.*, 747 F. Supp. 2d 547, 552 (E.D.N.C. 2010); *Sears Roebuck*, 2012 WL 1965389, at *3.

---

[2] The Fourth Circuit has "decline[d] at this time to endorse" this test. *Daniels*, 477 F. App'x at 129. In *Daniels*, the Fourth Circuit considered a plaintiff who lived within twenty miles of the defendant's property and had alleged that he planned to return to the property for his shopping needs. *Daniels*, 477 F. App'x at 127. The Fourth Circuit declined to endorse the test because the plaintiff's proximity to the property weighed heavily in favor of a likelihood of future harm. *Id.* The four factor analysis above has more relevance where, as here, the plaintiff's residence is a considerable distance from the defendant's property and therefore the likelihood of future harm is questionable. *See Nat'l Alliance for Accessibility, Inc. v. Macy's Retail Holdings, Inc.*, No. 1:11-CV-877, 2012 WL 5381490, at *4-5 (M.D.N.C. Oct. 30, 2012). The court notes that the Fourth Circuit in *Daniels* did not overrule the four factor test or explicitly prohibit district courts in this circuit from using it. In fact, district courts have continued to employ it, post-*Daniels*, in appropriate cases. *See, e.g., Payne v. Chapel Hill North Props., LLC*, 947 F. Supp. 567, 573 (M.D.N.C. 2013); *Nat'l Alliance for Accessibility, Inc. v. Macy's Retail Holdings*, No. 1:11-CV-877, 2012 WL 5381490, at *4-5 (M.D.N.C. 2012); *Payne v. Sears Roebuck*, No. 5:11-CV-614-D, 2012 WL 1965389, at *3-4 (E.D.N.C. May 31, 2012).

3

Harty cannot demonstrate a real and immediate threat of future injury under these factors. The Biggs Park property is approximately 700 miles from Harty's residence, and thus the first factor (proximity of residence to the property) weighs against standing. As to the second factor, past patronage, Hardy's affidavit indicates that he has visited the property exactly once prior to filing the complaint. Harty Aff. [DE-22] ¶ 3. District courts in this circuit and elsewhere have concluded that one visit to the property before filing the complaint is not sufficient to demonstrate likelihood of future injury because "a plaintiff who has visited a public accommodation only once is unlikely to return." *Sears Roebuck*, 2012 WL 1965389, at *5; *Nat'l Alliance for Accessibility, Inc. v. Rite Aid of N.C., Inc.*, No. 1:10-CV-932, 2011 WL 4499294, at *6 (M.D.N.C. Sept. 27, 2011) (collecting cases). Thus, the second factor also weighs against Harty's likelihood of future injury.

The third factor questions the definiteness of the plaintiff's plan to return to the property. Harty's affidavit indicates that he planned to return to the Biggs Park Mall on August 6 and 7, 2011 while he was in the area to attend a gun show and visit his family. *See* Harty Aff. [DE-22] ¶ 5. The affidavit was filed on June 16, 2011, approximately six months after the complaint[3] was filed in this case, and the affidavit fails to explain when Harty's plans were made. The date Harty made these plans is an important consideration because standing is determined from the date the plaintiff filed the complaint; subsequent events demonstrating a likelihood of future harm cannot confer standing. *See Republic Bank & Trust Co. v. Kucan*, 245 F. App'x 308, 310 (4th Cir. 2007). However, because Harty is the nonmoving party, the court will resolve this

---

[3] The complaint itself utterly fails to articulate anything close to a "definite" plan to return. *See, e.g.*, Compl. [DE-1] ¶ 5.

4

ambiguity in his favor and assume that he made these plans prior to filing the complaint. The plans to return are sufficiently concrete and plausible—Harty planned to return to the property while visiting his family in Lumberton on August 6 and 7, 2011 and the Biggs Park Mall is located in Lumberton—to find that this factor weighs in Harty's favor.

The fourth factor, on the other hand, weighs against Harty. The fourth factor examines the frequency of the Plaintiff's travel to the area. As recited above, Harty states that he has traveled to the Biggs Park Mall once prior to filing the complaint, hardly a frequent occurrence. The affidavit also indicates that he has "traveled to North Carolina approximately 13 times in recent years." Harty Aff. [DE-22] ¶ 3. But the frequency of Harty's travels to North Carolina generally is not relevant to this factor, which examines the frequency of Harty's travel to the Lumberton area, where the Biggs Park Mall is located. *See Norkunas*, 777 F. Supp. 2d at 1002-03. The affidavit simply does not address this issue, other than to note Harty's one visit to the property.

Accordingly, three of the four factors weigh against a finding that Harty has demonstrated a sufficient "real and immediate" threat of future harm. The first two factors, Harty's residence's proximity to the property and his past patronage, weigh strongly against a likelihood of future harm. Although it does appear that Harty possesses a definite plan to return to the property, the court finds that this one planned visit to a location 700 miles away from his residence is not a sufficient "real and immediate" threat of future harm. *See Lyons*, 461 U.S. at 111. Thus, the court finds that Harty has failed to demonstrate standing to pursue this lawsuit.

Perhaps anticipating this result, Harty launches a number of challenges to the standing test articulated above, including that it violates the Commerce Clause and that it represents an

5

overly restrictive view of Article III standing doctrine. These arguments have been thoroughly addressed—and rejected—by a multitude of courts in this district. *See, e.g., Luihn Four*, 747 F. Supp. 2d at 552-54[4]; *Sears Roebuck*, 2012 WL 1965389, at *7-9. The court rejects Harty's arguments for the same reasons stated in these opinions.

Harty has failed to demonstrate a real and immediate threat of future harm, which is required to demonstrate standing when a plaintiff seeks injunctive relief. Because Harty lacks standing to bring this lawsuit, it is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Biggs Park's motion to dismiss [DE-18] is ALLOWED and this case is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 26 day of August, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[4] In his brief in this case, Harty noted that the *Luihn Four* case was on appeal at the time the parties were briefing the motion to dismiss. The Fourth Circuit subsequently summarily affirmed *Luihn Four*. 453 F. App'x 347 (4th Cir. 2011), *available at* 2011 WL 5560569.

6